**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-40174
(Summary Calendar)
_____


INTERNATIONAL BANK OF
COMMERCE-BROWNSVILLE,

                                        Plaintiff-Appellant,

                        versus

RE: GRAND JURY 76-77,
ET AL.,

                                        Defendants,

INTERNATIONAL ENERGY
DEVELOPMENT CORPORATION,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-95-MC-32)
_____

April 18, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        In this appeal from the district court's denial of the motion

of Plaintiff-Appellant International Bank of Commerce-Brownsville

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

("the Bank") for disclosure of grand jury materials, we are asked to overturn the ruling of the district court for its purported abuse of discretion. Concluding that the district court did not abuse its discretion in determining that (1) the grand jury materials sought by the Bank are covered by the secrecy rule regarding disclosure of such materials, (2) any potential relevance of the grand jury materials in the state court proceedings for which they are sought does not outweigh the policy concerns embodied in the secrecy rule, and (3) the Bank did not bear its burden of showing a particularized need for the disclosure of the grand jury materials in this case, we affirm.

I

FACTS AND PROCEEDINGS

After Defendant-Appellee International Energy Development Corporation ("IEDC") sued the Bank in state court on grounds of lender liability, the matter was referred to arbitration under an agreement between IEDC and the Bank. Such proceedings were conducted under the Commercial Rules of the American Arbitration Association ("AAA"). After IEDC and the Bank each struck five potential arbitrators from the list of 15 furnished by the AAA, the parties selected three arbitrators from among the remaining five. The three thus selected constituted the panel that heard the subject lender liability case in which the Bank asserted defenses that it was furnished false information by IEDC in its loan application. In a unanimous decision the panel awarded some

2

$3,800,000 to IEDC, which it then sought to enforce in state court. Not surprisingly, the Bank scrambled to find all possible grounds for vacating the panel's award. The asserted ground that produces the instant litigation is the Bank's contention that one of the three arbitrators (who shall remain nameless and is hereafter referred to as "the Arbitrator") would never have been allowed to serve if he had disclosed —— as he should have, insists the Bank —— that some 20 years earlier he had been investigated (but not indicted) by a federal grand jury in connection with his own dealings with financial institutions.

According to the Bank, the Arbitrator's prior involvement with the grand jury implicated his purported making of false statements and filing of false reports with several financial institutions in connection with his own loan applications. The Bank argues that if these facts had been known prior to the instant arbitration, they would have disqualified the Arbitrator from service on the panel. In support of its motion before the district court for disclosure of materials from the grand jury that investigated the Arbitrator, the Bank asserts that the materials would show the Arbitrator's potential bias and partiality and would thereby avoid injustice in the arbitration award in the state court proceedings in which IEDC is seeking to enforce that award.

Despite the unavailability to date of the grand jury materials, the Bank's own investigation has produced the following information: The Arbitrator was investigated by a federal grand

jury in the middle 1970's regarding the Arbitrator's financial disclosure statements to other banks, which statements were purportedly false or inaccurate; the Arbitrator appeared before the grand jury and testified for approximately one and one-half days; although the Arbitrator does not recall the particular questions put to him by the grand jury, he does recall being asked by an attorney from the Public Integrity Section, Criminal Division, United States Department of Justice, to resign from the federal position held by the Arbitrator at the time, which request prompted the Arbitrator to assemble his colleagues and discuss the matter; a 1993 law review article had addressed the allegations that had been made against the Arbitrator, as had a 1980 magazine article and a 1978 article in a major newspaper. Most of the Bank's information was derived from its own December 11, 1995, deposition of the Arbitrator.

The district court conducted a hearing on November 30, 1995, after which supplemental briefing was requested. Following completion of that briefing, a magistrate judge conducted a hearing on December 14, 1995. After being reviewed and approved by the district court, an order denying the Bank's emergency petition was entered by the magistrate judge. In that order the court found that the Bank had failed to demonstrate that the grand jury material it was seeking was necessary to avoid possible injustice in another judicial proceeding, i.e., the Bank failed to show a "particularized need for disclosure. Relying on <u>Douglas Oil Co. V.</u>

4

<u>Petrol Stops Northwest</u>[1] and <u>United States v. Miramontez</u>[2] to reach this conclusion, the court emphasized the sufficiency of the evidence already garnered by the Bank to support its contention in the state court as well as the likelihood that the results of arbitration would not have differed, given that it was a unanimous decision of a three-person panel. The court also found inapposite the Bank's purported reliance on the rules of the Federal Arbitration Act (FAA) and the guidelines of the AAA, concluding that they are inapplicable to situations, such as the one now before us, in which there are no allegations that would support a conclusion that a conflict of interest existed between any arbitrator and one or more of the parties to the arbitration.

The Bank's motion for reconsideration was denied by the district court in January 1996. In so doing, the court concluded that:

> "[i]t is apparent to this Court that virtually all of the matters [the Bank] seeks to obtain by production of the grand jury records have already been divulged. The state court should be able to make a decision as to whether or not the arbitrator's failure to disclose that he had testified before a grand jury in a matter involving the arbitrator's banking relationships tainted the arbitration process to the extent that the award of the arbitration panel should be vacated."

The Bank timely filed its notice of appeal to this court one week before the state court rejected the Bank's motion to vacate the

---

[1]  441 U.S. 211, 222 (1979).

[2]  995 F.2d 56, 59 (5th Cir. 1993).

arbitration award.  To the best of our knowledge, the Bank's state court appeal from that rejection is still pending.

## II

## ANALYSIS

A.   Standard of Review

We review the district court's denial of the request to disclose grand jury material for abuse of discretion.[3]

B.   Particular Need for Disclosure

Although Federal Rule of Criminal Procedure 6(e) protects all aspects of grand jury proceedings from disclosure,[4] subsection (3)(C)(i) of that Rule empowers the court to make an exception to the rule of secrecy in connection with a judicial proceeding.[5]  The test for granting such an exception requires the proponent of the disclosure to demonstrate a "particularized need" for the information.[6]  To meet this standard the proponent must demonstrate that "the material [sought] is needed to void a possible injustice in another judicial proceeding, that the need for disclosure is grater than the need for continued secrecy and that [the] request

---

[3]  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. at 223; United States v. Miramontez, 995 F.2d at 59.

[4]  In Re: Grand Jury Investigation, 610 F.2d 202, 216-17 (5th Cir. 1980).

[5]  Fed. R. Crim. P. 6(e)(3)(C)(1).

[6]  United States v. Proctor & Gamble Co., 356 US. 677, 682-83 (1958).

is structured to cover only material so needed."[7]  We are satisfied that the district court's analysis leading to its conclusion that the Bank had failed to meet its burden under the foregoing test in no way constituted an abuse of discretion.

Like the district court, we acknowledge that the state court must determine whether the Arbitrator's failure to disclose his involvement in the grand jury investigation in the 1970's violated the arbitration agreement between the Bank and IEDC, which in turn depends at least in part on whether such non-disclosure violated the AAA rules and thus the FAA.[8]  To the extent the Bank would contend that such non-disclosure is per se evidence of partiality requiring that the arbitration award be vacated, its argument is unavailing:  The Bank's cites no authority for that position and we are aware of none.  Thus the district court does not automatically abuse its discretion by concluding that the Bank had failed to show "particularized need" for obtaining the grand jury records sought. The Bank never even speculates, much less alleges, that the Arbitrator had a personal interest in the results of the issues under arbitration or that he had any personal, financial, social, civic, political, or other relationship whatsoever with either party to the arbitration.  Yet it is precisely that type of

---

[7]  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. at 222; United States v. Miramontez, 995 F.2d at 59.

[8]  9 U.S.C. 1 et seq.

7

information that must be disclosed under the FAA and AAA rules.[9]

Moreover, given the background of the presumption disfavoring judicial review of arbitration awards,[10] an arbitrator's failure to disclose his experience in matters similar to those being arbitrated is not a sufficient basis on which to vacate an arbitration award.[11]  It follows that in this regard the district court did not abuse its discretion in determining that the Bank had failed in its burden of demonstrating that the grand jury materials sought were needed to avoid a possible injustice in the arbitration award.

C.    Balancing Need for Grand Jury Materials Against Policy Concerns.

Even if the Bank had met its burden of demonstrating a need for the materials sought to avoid an injustice, the district court would not have abused its discretion by finding, as it did here, that on balance such need did not outweigh the need for continued grand jury secrecy, even some 20 years after the grand jury in question had completed its work without indicting the Arbitrator. In this regard, the Supreme Court's pronouncement in Proctor &

---

[9]  See Commonwealth Coating Corp. v. Continental Casualty Co., 393 U.S. 145; cf. Schmitz v. Zilveti, 20 F.2d 1043, 1049 (9th Cir. 1994); Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefits Funds, 748 F.2d 79 (2nd Cir. 1984).

[10]   See, e.g., Morelite Constr. Corp., 748 F.2d at 81; Teamsters Local Union 657 v. Stanley Structures, Inc., 745 F.2d 903, 906 (5th Cir. 1984).

[11]  See e.g., Remmy v. PaineWebber, Inc., 32 F.3d 143, 147048 (4th Cir. 1994).  Cert. denied, 115 S.Ct. 903 (1995).

Gamble is instructive:

> The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This indispensable secrecy of grand jury proceedings . . . must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.[12]

The presumption of maintaining secrecy is heightened in those instances in which the target of the grand jury is never indicted,[13] and the information sought is largely available from other sources. When the balancing conducted by the district court is viewed in light of all the facts and circumstances, we cannot say that the court abused its discretion in finding that the policy embodied in the rule of secrecy outweighed any conceivable need demonstrated by the Bank. After all, the state court can be — and presumably has been — made aware of the grand jury investigation, the purpose thereof, the Arbitrator's acknowledgment that the investigation involved his dealings with the financial institutions, that he was asked to resign his federal position, and that his financial records and dealings were at issue. In addition to the deposition of the Arbitrator and the affidavit of the Bank's counsel, such information is revealed by the law review article and other published reports.

III

---

[12] Proctor & Gamble, 356 U.S. at 682.

[13] See Douglas Oil, 441 U.S. at 219.

9

CONCLUSION

For the reasons set forth above, we conclude that the district court's refusal to grant the Bank's request for any or all of the grand jury materials it sought did not constitute an abuse of discretion. The rulings of the district court are, in all respects,

AFFIRMED.